IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MIRO ALDOMAN SAUCEDO, ET AL. § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:09CV268-HSO-JMR |
| § | | |
| FIVE STAR CONTRACTORS, ET AL. § | | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT is the Motion [32-1] of Defendants, Five Star Contractors, LLC, Knight Marine & Industrial Services, Inc., David Knight & Brian Knight [collectively referred to as "Defendants"] to Dismiss filed pursuant to FED. R. CIV. P. 12(b)(2)(6).  Alternatively, Defendants move for a more definite statement pursuant to FED. R. CIV. P. 9.   Plaintiffs have filed a Response [35-1], and Defendants a Rebuttal [36-1].  Having considered the Motion, Plaintiffs' Response, Defendants' Rebuttal, the pleadings on file, and the relevant legal authorities, the Court is of the opinion that Defendants' Motion to Dismiss should be granted in part pursuant to FED. R. CIV. P. 12(b)(6) on Plaintiffs' Class Action claim, inasmuch as Plaintiffs have failed to respond to Defendants' arguments and have as such abandoned this claim.  The Court further finds that Defendants' Motion to Dismiss Plaintiffs' breach of contract claim should be denied.  Finally, the Court finds that Defendants' Motion to Dismiss Plaintiffs' RICO and fraud claims pursuant to FED. R. CIV. P. 12(b)(6) should be denied, without prejudice, and pursuant to FED. R. CIV. P. 9, Plaintiffs are granted leave to amend their RICO and

fraud claims to state the requisite elements with particularity.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs are twelve immigrant workers from Brazil who were brought to the United States under the H-2B Visa Program to perform seasonal labor as welders and pipefitters. Plaintiffs contend that Defendants fraudulently induced Brazilian workers to move to Mississippi so that Defendants could create a "large pool of easily exploitable H-2B workers who could meet the contractual needs of Defendants' clients." Compl., P¶¶ 2, 28 at pp. 2, 8. According to the Complaint, agents supposedly acting on behalf of Defendants fraudulently induced each Plaintiff to pay fees and expenses to qualify for visas to work in, and travel to, the United States. *Id.*, ¶¶ 51-52 at p. 11. Plaintiffs assert causes of action under the Fair Labor Standards Act ["FLSA"][1] and the Racketeering Influenced Corrupt Organization Act ["RICO"][2], as well as claims for common law fraud and breach of contract. Plaintiffs also ask the Court to certify the above captioned cause as a class action.[3]

On July 15, 2009, Defendants filed a Motion to Dismiss for Failure to State a Claim, seeking the dismissal of all claims asserted by Plaintiffs in this litigation, including but not limited to their claims for reimbursement for travel, visa, and

---

[1] 29 U.S.C. § 216(b).

[2] 18 U.S.C. § 1962.

[3] Paragraph (b) of Plaintiffs' Complaint contains the prayer for relief which, in part, requests class certification of all H-2B workers employed by Defendants.

recruitment expenses under the FLSA [Doc. 7-1]. On March 2, 2010, this Court denied Defendants' Motion without prejudice, finding that the identical question under the FLSA was pending before the United States Court of Appeals for the Fifth Circuit in the case of *Castellanos-Contreras v. Decatur Hotels L.L.C.*, 601 F.3d 621 (5th Cir. 2010) [22-1]. The Court stayed all proceedings pending resolution of the *Castellanos-Contreras* case. On October 1, 2010, the Fifth Circuit, *en banc*, ruled in favor of Defendants in the *Castellanos-Contreras* matter. *Castellanos-Contreras v. Decatur Hotels L.L.C.*, 622 F.3d 393 (5th Cir. 2010).

As a result of the Fifth Circuit's *en banc* ruling in *Castellanos-Contreras*, on October 8, 2010, Defendants filed a Motion [28-1] to Reassert their Motion to Dismiss. October 18, 2010, this Court granted Defendants leave to re-file their Motion to Dismiss [30-1], and Defendants submitted the instant Motion.

## II. DISCUSSION

A.  Legal Standard

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that:

> [a] pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is

entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

B.  Class Certification

Defendants submit that this cause of action cannot proceed as a class action, inasmuch as each Plaintiff has individualized proof and evidence, including oral communications, such that this dispute is not subject to collective proof. Plaintiffs have not responded to Defendants' arguments on this issue.[4] The Court finds that because Plaintiffs have abandoned these claims, Defendants' Motion to Dismiss the class action allegations should be granted.

C.  Plaintiffs' RICO, Fraud, and Breach of Contract Claims

Defendants argue that Plaintiffs' Complaint fails to meet the requisite pleading standard of FED. R. CIV. P. 8 and 9. Defendants submit that the Fifth Circuit's decision in *Castellanos-Contreras* renders Plaintiffs' claims for their recruitment related travel and visa expenses legally incognizable under the FLSA, and that neither a violation of the FLSA nor breach of contract are predicate criminal acts identified in the RICO statute, 18 U.S.C. §1861. Therefore, Plaintiffs have failed to allege these claims with the required specificity and particularity. Defs.' Mem. Br. in support of Mot. to

---

[4] Plaintiffs have not filed a Motion to Certify Class pursuant to FED. R. CIV. P. 23, and no class certification in accordance with Rule 23(c)(1) has been ordered.

Dismiss at p. 21.

>FED. R. CIV. P. 9 states as follows:
>
>(b) Fraud or Mistake; Condition of Mind.
>In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b).

With regard to Plaintiffs' breach of contract claims, Defendants argue that Plaintiffs have not alleged any facts with particularity in support of these claims, nor does the Complaint specify any of the details, such as date, author, or content, of any fraudulent communications. The Complaint does not identify the terms or the specific acts which constitute the breach of any of their alleged contracts with Defendants, and no written contract or other written evidence of these contracts is alleged or attached to the Complaint. Defs.' Mem. in Support of Mot. to Dismiss, at pp. 23, 26.

>The Rule 9(b) particularity requirement applies
>
>to the pleading of fraud as a predicate act in a RICO claim as well. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 430 (5th Cir.), *cert. denied,* 498 U.S. 895 (1990); *see Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1297, at 590 (1990); *see Keith v. Stoelting, Inc.,* 915 F.2d 996, 1000 (5th Cir.1990).

*Tel-Phonic Services, Inc. v. TBS Intern., Inc,.* 975 F.2d 1134, 1138 -39 (5th Cir. 1992).

The Court, after review of the Motion, Response, Reply, the record, and the relevant legal authorities, finds that Defendants' Motion to Dismiss should be denied

as to these claims, without prejudice, and that Plaintiffs should be permitted to amend their Complaint with respect to their breach of contract, fraud, and RICO claims in order comport with FED. R. CIV. P. 9.

D.  Plaintiffs' FLSA Claims

Defendants further seek dismissal of Plaintiffs' FLSA claims, contending that they are precluded by the *Castellanos-Contreras* decision. In *Castellanos-Contreras*, the Fifth Circuit addressed the issue of whether visa, travel, and recruitment expenses incurred by Latin American workers who came to work in the United States on H-2B visas, were required to be paid by the employer. The Court held that: "[n]o statute or regulation expressly states that inbound travel expenses must be advanced or reimbursed by an employer of an H-2B worker." *Castellanos-Contreras*, 622 F.3d at 400.

> Similarly, no law or regulation provides that fees for the employee side of the visa application process must be paid by the employer. *See* 22 C.F.R. § 40.1(*l*)(1) (2010) (requiring non-immigrant visa applicants, such as the Workers here, to submit processing fees when they apply for visas). It is undisputed that Decatur paid its own fees for the employer side of the process-the application to hire H-2B workers. *See* 8 C.F.R. §§ 103.7(a), 103.7(b)(1), 214.2(h)(2)(i)(A) (2010) (requiring, collectively, that a U.S. employer submit certain forms and filing fees to become an H-2B visa sponsor).

*Id.*

With regard to recruitment expenses:

[n]ewly enacted Department of Labor regulations (promulgated after the time in question) actually support the conclusion that recruitment expenses were not reimbursable at the time. These regulations provide protection for guest workers from unscrupulous recruiters by requiring

employers to contractually obligate those with whom they work not to charge employees recruiting fees. These new regulations actually suggest that the expenses in question were not previously to be charged against the employers. If they were to be so charged previously, there would be no need to protect the employees as provided in the new regulations.

*Id.* at 404.

This Court concludes that, based upon *Castellanos-Contreras,* Plaintiffs' claims for travel, visa, and recruitment expenses are not recoverable in this case. This portion of Defendants' Motion should therefore be granted.

### III. CONCLUSION

The Court concludes that Defendants' Motion to Dismiss, filed pursuant to FED. R. CIV. P. 12(b)(6), FED. R. CIV. P. 8, and FED. R. CIV. P. 9, should be granted in part and denied in part as set forth herein. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' Motion to Dismiss Plaintiffs' class action allegations filed January 20, 2011 [32-1], pursuant to FED. R. CIV. P. 12(b)6), should be and hereby is **GRANTED**, and this claim is dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion to Dismiss Plaintiffs' FLSA claims filed December 13, 2010 [32-1], pursuant to FED. R. CIV. P. 12(b)(6), should be and hereby is **GRANTED**, and these claims are dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion to Dismiss Plaintiffs' breach of contract, fraud, and RICO claims filed December 13,

2010 [32-1], pursuant to FED. R. CIV. P. 12(b)(6), should be and hereby is **DENIED WITHOUT PREJUDICE.** Plaintiffs are granted leave to amend their Complaint to state their breach of contract, fraud, and RICO claims with particularity pursuant to FED. R. CIV. P. 9.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, any Amended Complaint shall be filed on or before June 20, 2011.

**SO ORDERED AND ADJUDGED**, this the 6th day of June, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE