IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MIRO ALDOMAN SAUCEDO, ET AL.** § | | **PLAINTIFFS** |
| § | | |
| v. § | Civil No. 1:09CV268-HSO-JMR | |
| § | | |
| **FIVE STAR CONTRACTORS, ET AL.** § | | **DEFENDANTS** |

**ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER AND
GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

BEFORE THE COURT are Plaintiffs' Motion [38-1] to Reconsider filed June 20, 2011, and Plaintiffs' Motion for Extension of Time to File an Amended Complaint filed June 20, 2011 [39-1].  Plaintiffs seek reconsideration of the Court's June 6, 2011 [37-1] Order, granting in part and denying in part Defendants' Motion to Dismiss. Plaintiffs also seek additional time within which to file their Amended Complaint. Defendants have filed a Response [41-1] in Opposition to Plaintiffs' Motion.  Having considered the submissions, the record in this case, and the relevant legal authorities, the Court is of the opinion that Plaintiffs' Motion to Reconsider [38-1] should be denied.  The Court further finds that Plaintiffs' Motion for Extension of Time to file an Amended Complaint [39-1] should be granted.

I.  BACKGROUND

Plaintiffs are Brazilian immigrant workers who were brought to the United States under the H2B Visa Program, which allows U.S. employers to bring in foreign workers on a temporary and seasonal basis when a need for such labor can be shown. In their Complaint, Plaintiffs assert causes of action under the Fair Labor Standards

Act, 29 U.S.C. § 216(b) ["FLSA"], and the Racketeering Influenced Corrupt Organization Act, 18 U.S.C. § 1962 ["RICO"], as well as claims for common law fraud and breach of contract.  Paragraph (b) of Plaintiffs' Complaint contains a prayer for relief which, in part, requests class certification of all H-2B workers employed by Defendants.

On December 13, 2010, with leave of Court, Defendants reasserted a previously filed Motion to Dismiss [32-1].  Among other things, the Court granted Defendants' Motion as to Plaintiffs' class action claims.  In that same Order, the Court denied Defendants' Motion to Dismiss as to Plaintiffs' RICO claims, fraud claims, and breach of contract claims.  In addition, the Court granted Plaintiffs leave to amend their RICO and fraud claims in order to state the requisite elements with particularity, pursuant to FED. R. CIV. P. 9.  Order [37-1].  Plaintiffs now seek reconsideration of the Court's Order with regard to the dismissal of their class action allegations.

## II. DISCUSSION

A.  Standard of Review

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (quotation omitted). Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration:  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law

or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S. D. Miss. 1990)). "Reconsideration of a judgment is an extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments or present evidence that could have been raised prior to entry of judgment." *Keating v. North Oaks Medical Center*, No. 06-10557, 2007 WL 2155783, at * 1 (E.D. La. July 26, 2007)(quoting *Lafargue v. Jefferson Parish*, No. 98-3185, 2000 WL 174899, at *1 (E.D. La. Feb. 11, 2000)); *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 11 FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

B.   Motion to Reconsider

Plaintiffs argue that dismissal of their class allegation claims was premature. Relying on *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609 (N.D. California 2007), they assert that: "[m]otions to dismiss or strike class allegations are premature when, as now, discovery had not yet commenced and no motion for actual class certification has been filed." *Id.* at 615-616. Plaintiffs maintain that they have not abandoned their class claims, inasmuch as their opposition to Defendants' Motion contained arguments pertaining to this issue. However, their Opposition did not, in the Court's view, sufficiently preserve the claim. Moreover, Rule 23 of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI states in part:

> **CLASS ACTIONS.** In all civil actions filed as class actions, the class plaintiff must, <u>at a time directed by the case management order, move for a</u> FED. R.

> CIV. P. 23 class determination. The plaintiff has the burden of establishing by way of pleadings and evidentiary materials that a class action is appropriate and of defining all relevant classes and subclasses.

L.U.Civ.R. 23 [emphasis added].

On October 29, 2009, a Case Management Order was entered in this cause which, in part, directed Plaintiffs to expeditiously file any motion for class certification. *See* Order [18-1]. To date, Plaintiffs have yet to file a Motion for Class Certification or otherwise satisfy the requirements of FED. R. CIV. P. 23, even in the face of Defendant's Motion to Dismiss, which specifically sought dismissal of the class action claims.

In order to obtain class certification under Rule 23(a), a plaintiff must satisfy four threshold requirements: "(1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class). *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613 (1997) (citing FED. R. CIV. P. 23(a)). In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3). *Id.* at 614. Nowhere have Plaintiffs attempted to brief these issues. Indeed, their current Complaint contains only one sentence referencing a class action claim. Plaintiffs' Complaint contains a prayer for relief which, among other things, requests the Court to: "[c]ertify Plaintiffs RICO, breach of contract, and fraud claims as a Rule 23(b)(3) class action on behalf of H-2B workers employed by Defendants." Compl. at p.17.

The Court has reviewed and carefully considered the arguments advanced by

...

Plaintiffs in their present Motion for Reconsideration as well as the record and all pleadings on file. The Court concludes that Plaintiffs have not established a manifest error of law or fact or presented any newly discovered evidence sufficient for the Court to reconsider its Order dismissing Plaintiffs' class action allegations. *See Rosenblatt*, 607 F.3d at 419. For these reasons, Plaintiff's Motion to Reconsider should be denied.

C. <u>Motion for Extension of Time</u>

The Court, in its June 6, 2011, Order, directed Plaintiffs to file any Amended Complaint on or before June 20, 2011. Plaintiffs request additional time to file an Amended Complaint in light of filing their Motion to Reconsider and a Rule 23(f) Appeal with the Fifth Circuit Court of Appeals. Defendants do not oppose the requested extension. The Court finds that Plaintiffs' Motion should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motion to Reconsider, filed June 20, 2011 [38-1], should be and hereby is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' Motion for Extension of Time to File an Amended Complaint filed June 20, 2011 [39-1], should be and hereby is **GRANTED.** Any Amended Complaint shall be filed on or before August 15, 2011.

**SO ORDERED AND ADJUDGED**, this the 8th day of August, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE