IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONIVAN P DA LUZ, ET AL. | § | PLAINTIFFS |
| | § | |
| v. | § | Civil No. 1:09CV268-HSO-JMR |
| | § | |
| FIVE STAR CONTRACTORS, ET AL. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT is the Motion [46-1] of Defendants, Five Star Contractors, LLC, Knight Marine & Industrial Services, Inc., David Knight, and Brian Knight [collectively referred to as "Defendants"] to Dismiss filed August 29, 2011, pursuant to FED. R. CIV. P. 12(b)(6). To date, Plaintiffs have not filed a Response. Having considered the Motion, the pleadings on file, and the relevant legal authorities, the Court is of the opinion that Defendants' Motion should be granted in part and denied in part.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs comprise a group of immigrant workers from Brazil who were brought to the United States under the H-2B Visa Program to perform seasonal labor as welders and pipefitters. Plaintiffs contend that Defendants fraudulently induced Brazilian workers to move to Mississippi so that Defendants could create a "large pool of easily exploitable H-2B workers who could meet the contractual needs of Defendants' clients." Compl. [1-1] , ¶¶ 2, 28 at pp. 2, 8; Am. Compl. [44-1] ¶¶ 2, 29, at pp. 1, 4. According to the Complaint, agents supposedly acting on behalf of

-1-

Defendants fraudulently induced each Plaintiff to pay fees and expenses to qualify for visas to travel to, and work in, the United States. Am. Compl. ¶¶ 49-50 at p. 7.

This case has an extensive procedural history. The initial Complaint [1-1] was filed in this Court on April 20, 2009. On July 15, 2009, Defendants filed a Motion to Dismiss for Failure to State a Claim [7-1], seeking the dismissal of all claims asserted by Plaintiffs. The Court entered an Order [22-1], which denied this Motion without prejudice and stayed all proceedings pending the resolution of *Castellanos-Contreras v. Decatur Hotels L.L.C.*, 601 F.3d 621 (5th Cir. 2010). On October 1, 2010, the Fifth Circuit, sitting *en banc*, ruled in favor of Defendants in the *Castellanos-Contreras* matter. *Castellanos-Contreras v. Decatur Hotels L.L.C.*, 622 F.3d 393 (5th Cir. 2010). As a result of the Fifth Circuit's *en banc* ruling in *Castellanos-Contreras*, on October 8, 2010, Defendants filed a Motion [28-1] to Reassert their Motion to Dismiss. October 18, 2010, this Court granted Defendants leave to re-file their Motion to Dismiss [30-1], and Defendants resubmitted their Motion [37-1].

On June 6, 2011, this Court granted in part and denied in part Defendants' Motion to Dismiss [37-1]. Plaintiffs' Fair Labor Standards Act ["FLSA"] and class action claims were dismissed, and Plaintiffs were granted leave to amend their Complaint with respect to their breach of contract, fraud, and Racketeering Influenced Corrupt Organization Act ["RICO"] claims in order to comply with the requirements of Fed. R. Civ. P. 9. Plaintiffs filed both a Motion for Leave to Appeal pursuant to Fed. R. Civ. P. 23(f) and a Motion to Reconsider this Court's dismissal

of their class action allegations. On July 27, 2011, the Fifth Circuit denied Plaintiff's Motion for Leave to Appeal [42-1], and on August 8, 2011, this Court denied Plaintiffs' Motion to Reconsider [43-1].[1]

On August 15, 2011, Ronivan P Da Luz, Milton Pereira De Matos, and Soni Jose De Oliveira, three of the original twelve Plaintiffs, filed an Amended Complaint [44-1] and Amended RICO statement [45-1], asserting causes of action under the Racketeering Influenced Corrupt Organization Act ["RICO"][2], as well as claims for common law fraud, breach of contract, and unjust enrichment. In lieu of Answers, on August 29, 2011, Defendants filed the instant Motion to Strike Amended Complaint and to Dismiss [46-1]. Plaintiffs did not file a response.

On October 3, 2011, counsel for Plaintiffs filed a Motion to Withdraw as Counsel [48-1], which the Court heard on October 26, 2011. On November 15, 2011, the Court granted the Motion to Withdraw [57-1, 58-1] and allowed Plaintiffs thirty [30] days within which to retain new counsel or inform the Court that they wished to proceed *pro se*.[3] Plaintiffs were warned that failure to comply with the Court's directives "may result in the dismissal of this cause." Order [57-1], at p. 3. In

---

[1] In the same Order, the Court granted Plaintiffs additional time within which to file their Amended Complaint. *Id.*

[2] 18 U.S.C. § 1962, *et seq*.

[3] On February 29, 2012, two of the three remaining Plaintiffs, Roni P Da Luz and Soni Jose De Oliveira, each filed Affidavits [68-1, 69-1], stating they wished to continue with this case. On March 16, 2012, Milton Pereira De Matos filed a Motion for Assistance and Notice of Address [70-1] with the Court.

addition, the Court granted Plaintiffs' Motion for Extension of Time to File Response to Defendants' Motion to Strike and/or Dismiss. The Court ordered that:

> Plaintiffs' response is due on or before Friday, December 30, 2011, fifteen days beyond the deadline for Plaintiffs to secure new counsel or inform the Court that they intend to proceed *pro se.* No additional extensions of time will be granted for Plaintiffs to respond to Defendants' Motion to Strike and to Dismiss.

Text Only Order, entered November 16, 2011.

To date, no responses have been filed by any of the remaining Plaintiffs to Defendants' Motions to Dismiss.[4]

## II. DISCUSSION

A. Legal Standard

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that:

> [a] pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the

---

[4] On January 5, 2012, Defendants filed a separate Motion to Dismiss [62-1] pursuant to FED. R. CIV. P. 16 and 41(b). No response has been filed to that Motion.

... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556-57, 570).

B.  Plaintiffs' RICO Claim

Plaintiffs assert the following RICO claim:

Defendants Brian and David Knight associated with an enterprise(s) engaged in, or whose [sic] the activities of which affect, interstate or foreign commerce, to conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity, including repeated acts of mail fraud, wire fraud, and visa document fraud in violation of RICO, 18 U.S.C. § 1962(c).

Am. Compl. [44-1], ¶¶ 72-75.

Defendants move for dismissal of this claim on the grounds that they: "[m]ake no new RICO allegations to bolster the deficient original Complaint. They continue to allege H2-B visa fraud (despite dismissal of their FLSA claims for reimbursement of H2-B expenses) and mail and wire fraud." Defs.' Mem. Br. in Support of Mot. to

Dismiss [47-1] at p. 8.

Included in Plaintiffs' Amended Complaint [44-1] are sections entitled "Predicate Racketeering Acts," ¶¶ 61-67, and "Pattern Racketeering Activity," ¶¶ 68-71. With regard to the requisite predicate acts under RICO, Plaintiffs allege that Defendants: "willfully committed predicate racketeering offenses under RICO §1961(a)(B) including mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. 1343 and fraud in obtaining and using visas in violation of 18 U.S.C. 1546." Am. Compl. [44-1], ¶ 61, at p. 8. Similarly, Plaintiffs' Amended RICO statement speaks in general terms and without identifying sufficiently specific requisite acts which Defendants allegedly committed. For example, Plaintiffs simply list the elements of the mail and wire fraud claims as facts in support of their allegations.

As one court has concluded:

> . . . the absence of persons, dates, and mediums in the attempted allegations of fraud, bribery, and extortion is fatal in a civil RICO action. Moreover, the conclusory nature of the allegations of Count 5, parroting as they do statutory language without necessary facts, make them plainly inadequate. In particular, general re-allegation of twenty-five earlier paragraphs, which are intended to make out anti-trust and Dealer's Day in Court violations in addition to a RICO claim, is not sufficient or proper. RICO is a specialized statute requiring a particular configuration of elements. These elements cannot be incorporated loosely from a previous narration, but must be tightly particularized and connected in a complaint.

*Gregoris Motors v. Nissan Motor Corp. in USA*, 630 F. Supp. 902, 913 (E.D.N.Y. 1986).

The Court has reviewed and considered the RICO allegations contained in both the Amended Complaint and the Amended RICO statement. Plaintiffs have failed to

plead the requisite elements of a RICO claim with sufficient particularity. Nowhere do Plaintiffs allege specific dates, times, places, or contents of any acts which purportedly constituted wire and/or mail fraud. Such allegations are necessary to satisfy Rule 9(b) pleading requirements. In sum, Plaintiffs have not adequately pled a RICO claim.

C.  <u>Plaintiffs' Fraud, Breach of Contract, and Unjust Enrichment Claims</u>

Defendants argue that because the Amended Complaint "repeats verbatim the alleged facts set forth in the original . . . ", Plaintiffs have failed to satisfy the pleading standards of FED. R. CIV. P. 8 and 9. Defs.' Mem. Br. in Support of Mot. to Dismiss [47-1] at pp. 4-5. In support of their Motion, Defendants cite this Court's June 6, 2011, opinion [37-1], which determined that:

> the original Complaint did not identify any specific facts concerning the terms of Plaintiffs' alleged employment contracts, breach of these contracts, the particulars of Defendants' alleged fraudulent representations, the time, place or contents of such misrepresentations, the identity of the specific defendant or agent who made such alleged misrepresentations, or what he obtained thereby.

*Id.* at p. 5.

Defendants contend that "[s]ince the Amended Complaint adds nothing to the deficient allegations of the original Complaint, it is equally deficient." *Id.*

   a.   *Fraud Claims*

Count III of the Amended Complaint asserts that Defendants: "knowingly made several material and false representations which Plaintiffs rightfully relied on and resulted in Plaintiffs suffering actual damages." Am. Compl. [44-1], ¶ 85-90,

at p. 11. Defendants argue that Plaintiffs have not alleged any facts with sufficient particularity to support this claim, and that the Amended Complaint does not specify any of the details, such as the "author[s] or recipient[s] of these misrepresentations, nor the contents or dates, times, place, thereof . . . ." Defs.' Mem. in Support of Mot. to Dismiss [47-1], at p. 7, 12.

> FED. R. CIV. P. 9 provides:
>
> (b) Fraud or Mistake; Condition of Mind.
> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b).

The Rule 9(b) particularity requirement applies:

> to the pleading of fraud as a predicate act in a RICO claim as well. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 430 (5th Cir.), *cert. denied,* 498 U.S. 895 (1990); *see Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1297, at 590 (1990); *see Keith v. Stoelting, Inc.,* 915 F.2d 996, 1000 (5th Cir.1990).

*Tel-Phonic Services, Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1138-39 (5th Cir. 1992).

Under Mississippi law, in order to state a claim for fraud, the following nine elements must be pled with factual particularity:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it

-8-

should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent proximate injury.

*Smith v. Union Nat. Life Ins. Co.* 187 F. Supp. 2d 635, 650 (S.D. Miss. 2001)(citing *Black v. Carey Canada, Inc.,* 791 F. Supp. 1120, 1123 (S.D. Miss.1990)).

In pleading the elements of an actionable fraud claim, the underlying allegations must be factual and not conclusory. *Id.* (citing *Addison v. Allstate Ins. Co.,* 58 F. Supp. 2d 779, 734 (S.D. Miss. 1999)). Rule 9(b) requires the who, what, when, where, and how of a fraud claim to be laid out. *Williams v. WMX Techs., Inc.*, 112 F. 3d 175, 179 (5th Cir. 1997).

Upon review of the Amended Complaint, the Court is persuaded that Plaintiffs' fraud claims have not been pled with requisite particularity and are insufficient to state a claim. Plaintiffs' fraud claims should be dismissed.

  *b.*  *Breach of Contract Claims*

Count II of the Amended Complaint claims that:

the parties entered into an agreement whereby the Plaintiffs were to provide materials, labor and services to Defendants in exchange for compensation. . . . Plaintiffs satisfactorily provided the materials, labor and services as agreed. . . . Defendants failed to pay as agreed upon and the balance remains unpaid. . . . Plaintiffs have suffered actual damages. The Defendant is therefore liable to the Plaintiffs for actual, incidental, and consequential damages.

Am. Compl. [44-1], ¶¶ 78-82, at pp. 10-11.

Defendants submit that the "Complaint does not identify the terms or the

specific acts which constitute the breach of any of their alleged contracts with Defendants, and no written contract or other written evidence of these contracts is alleged or attached to the Complaint. Defs.' Mem. in Support of Mot. to Dismiss [47-1], at pp. 6-7. They further contend that Plaintiffs fail to "specify whether the contracts that they allege are written, oral, implied, or arise under some other theory." *Id*. at p. 13. However, a review of the Amended Complaint reveals certain additional factual allegations:

> [Plaintiffs were] recruited by Defendants in Brazil . . . [and were] told that his welding certificate qualified him for the visa job being offered to him and that he would work 12 hours per day for the term of his visa earning $18 per hour in addition to overtime.

Am. Compl. [44-1], ¶ 46, at p. 7.

Plaintiffs assert that "in reliance upon the terms of employment enumerated by Defendants, they signed term employment contracts with Defendants specifying fixed hourly and overtime rates." *Id*.

In order to establish a breach of contract claim, a plaintiff must prove (1) the existence of a valid and binding contract; (2) that the defendants have broken, or breached it; and (3) that the plaintiff has been thereby damaged monetarily. *Favre Property Management, LLC v. Cinque Bambini,* 863 So. 2d 1037, 1044 (Miss. Ct. App. 2004)(citing *Warwick v. Matheney*, 603 So. 2d 330, 336 (Miss. 1992)). The Court is persuaded that Plaintiffs' allegations are sufficient, at this juncture, to state a breach of contract claim. The Motion will be denied as to this claim.

c.  *Unjust Enrichment Claims*

Plaintiffs allege that they "conferred a benefit to the Defendants for the work provided. . . . [and] . . . It is inequitable for Defendants to retain the benefit of the work performed without appropriately compensating Plaintiff." Am. Compl. [44-1], ¶ 92-93, at p. 11.  Defendants contend that Plaintiffs' unjust enrichment claim is inadequately pled inasmuch as they: "have failed to allege the basic requirements for that theory under Mississippi precedent. They have not alleged and indeed, they cannot allege that Five Star is holding money that belongs to them or should be theirs."   Defs.' Mem. in Support of Mot. to Dismiss [47-1], at pp. 13-14.

> Mississippi law provides that, an unjust enrichment action is based on a promise, which is implied in law, that one will pay a person what he is entitled to according to 'equity and good conscience.' *1704 Twenty First Ave., Ltd. v. City of Gulfport,* 988 So. 2d 412, 416 (Miss. App. 2008). Thus, the action is based on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. It is an obligation created by law in the absence of any agreement; therefore, it is an implied in law contract. *Koval v. Koval,* 576 So. 2d 134, 137 (Miss. 1991).

*Cole GP CCPT II,  LLC v. Kenlan Dev., LLC,*  2009 WL 87416, *6 (N.D. Miss. 2009).

The Mississippi Supreme Court has held that "a person is enriched when he receives an economic benefit. This includes positive profits, a loss avoided, as well as discharge of debts."  *Omnibank of Mantee v. United Southern Bank*, 607 So. 2d 76, 92 (Miss. 1992).

In the Court's view, the Amended Complaint in this case lacks sufficient factual

detail pertaining to profits, funds, income, or economic benefits accruing to Defendants at the expense of Plaintiffs to satisfy the pleading requirements of FED. R. CIV. P. 12(b)(6). Moreover, Plaintiffs themselves allege that they signed employment contracts, and they are pursuing a breach of contract claim. Am. Compl. [44-1], ¶ 46, at p. 7. Plaintiffs' unjust enrichment claim should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court, after review of the record and the relevant legal authorities, finds that Defendants' Motion to Dismiss [46-1], filed pursuant to FED. R. CIV. P. 12(b)(6), should be granted in part and denied in part as set forth herein. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [46-1] filed August 29, 2011, pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED IN PART**, and Plaintiffs' RICO, fraud, and unjust enrichment claims are **DISMISSED WITH PREJUDICE**. The Motion is **DENIED IN PART** as to Plaintiffs' breach of contract claim.

**SO ORDERED AND ADJUDGED**, this the 29th day of March, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE